Gabriel Del Virginia, Esq. (GDV-4951)
LAW OFFICES OF GABRIEL DEL VIRGINIA
*Proposed Attorneys for the Debtor
and Debtor in Possession.*
488 Madison Avenue, 19th Floor
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------X

In re                                        Chapter 11

NATURAL SURROUNDINGS INC.
   D/B/A/
SURROUNDINGS FLOWERS
SURROUNDINGS FLOWERS AND EVENTS,

                    Debtor.            Case No. 10-

------------------------------X

### DECLARATION OF STEVEN BUCKWALD PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES.

STEVEN BUCKWALD, pursuant to 28 U.S.C. § 1746, declares and respectfully says:

1. I am the President of Natural Surroundings Inc. D/B/A Surroundings Flowers and Surroundings Flowers and Events, the above-captioned debtor and debtor-in-possession (the "Debtor"), and I am familiar with the Debtor's business and financial affairs. I submit this declaration pursuant to Local Bankruptcy Rule 1007-2.

1

## A. Background.

2. The Debtor is a New York corporation and operates an upscale florist catering to the retail trade. The Debtor is located at 1351 Amsterdam Avenue in the borough of Manhattan, City of New York (the "Premises"). The Debtor has operated since 1976. Prior to the economic downturn, the Debtor expanded its retail operations, opening new branches and relocating its operation to larger quarters.

3. The Debtor's need to seek relief in this Court is a result of manifold factors: the decline in its recent operations which have been severely affected by the broad economic downturn and protracted litigation commenced and continued by a disgruntled employee (the "Lawsuit").

4. Accordingly, the Debtor has fallen behind on its obligations to its suppliers and lessor of the Premises.

5. While operating under the protection of this Court, the Debtor hopes to be able to return the business to profitability or identify and negotiate with prospective investors as a means to emerging from bankruptcy promptly and settle the Lawsuit.

6. There has been no committee organized before the order for relief.

7. The holders (and their names, addresses and additional information) of the twenty largest unsecured claims against the Debtor are included in the documents filed herewith, and are incorporated herein by reference.

8. Holders of secured claims against the Debtor, are set forth on Scheduled D, filed simultaneously herewith, and incorporated by reference.

B. **Requirements of 11 U.S.C. § 1116.**

9. A balance sheet setting forth a summary of the Debtor's assets and liabilities, and statement of operations/cash flow is attached pursuant to 11 U.S.C. § 1116. The Debtor=s current Federal tax return is being filed simultaneously herewith.

C. **Additional Information.**

10. The Debtor has no publicly held securities

11. The Debtor operates from the Premises.

12. The location of the Debtor's substantial assets is at the Premises.

13. Any lawsuits to which the Debtor is a party are set forth in the Statement of Financial Affairs, filed simultaneously herewith, and incorporated by reference.

14. Your deponent is the President and an equity holder of the Debtor. The remaining equity holder(s) are set

forth in the Statement of Financial Affairs, filed simultaneously herewith, and incorporated by reference.

15. The Debtor anticipates payment of $10,000.00 to the president, Mr. Steven Buckwald, as salary for the thirty-day period following the filing of the Debtor's petition. No amount is proposed to be paid for services to any other officers, stockholders, and directors, for the thirty-day period following the filing of the Debtor's petition.

16. The Debtor employs approximately 14 employees, who are paid weekly.

17. The Debtor anticipates approximate gross cash receipts of $96,000.00 for the thirty-day period following the filing of the Debtor's petition and disbursements for the same period of $78,500.00 broken down as follows: (a) $30,000.00 in Plant/Supply Expenses; (b)$32,000.00 in Payroll Expenses; and (c)$ $16,500.00 in Fixed Expenses.

I hereby declare, pursuant to 28 U.S.C. § 1746 that the foregoing is true to the best of my knowledge, information and belief.

_____
Steven Buckwald
President

4