**Gabriel Del Virginia, Esq. (GDV-4951)**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Reorganized Debtor.*
880 Third Avenue-13th Floor,
New York, New York 10022.
Telephone: 212-371-54712
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

In re

                                Chapter 11

NATURAL SURROUNDINGS INC.
  D/B/A/,
SURROUNDINGS FLOWERS,
SURROUNDINGS FLOWERS AND EVENTS,

                Debtor.          Case No. 10-14204-ALG

------------------------------------X

**COVER SHEET PURSUANT TO UNITED STATES TRUSTEE'S**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**PURSUANT TO 11 U.S.C. §§ 328, 330 AND 331.**

**NAME OF APPLICANT:**  LAW OFFICES OF GABRIEL DEL VIRGINIA.

**TIME PERIOD:** August 3, 2010 through August 1, 2012 ("Compensation Period").

**ROLE IN THE CASE:**  Counsel for Debtor, Natural Surroundings, Inc. d/b/a *Surroundings Flowers and Surroundings Flowers and Events*

**DATE OF RETENTION:**  September 23, 2010, effective as of August 3, 2010.

**FIRST APPLICATION:**                 Fees Requested: $47,566.35
                                     Expenses Requested: $1,418.58

**PRIOR APPLICATIONS:**  None

1

Gabriel Del Virginia, Esq. (GDV-4951)
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Reorganized Debtor.*
880 Third Avenue-13th Floor,
New York, New York 10022.
Telephone: 212-371-54712
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————— x

In re

                                   Chapter 11

NATURAL SURROUNDINGS INC.
  D/B/A/,
SURROUNDINGS FLOWERS,
SURROUNDINGS FLOWERS AND EVENTS,

               Debtor.            Case No. 10-14204-ALG
————————————————————— x

**FINAL FEE APPLICATION OF**
**THE LAW OFFICES OF GABRIEL DEL VIRGINIA, AS ATTORNEYS**
**FOR NATURAL SURROUNDINGS INC., FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO**
**SECTIONS 330 AND 331 OF THE BANKRUPTCY CODE.**

**TO:  THE HONORABLE ALLAN L. GROPPER,**
       **UNITED STATES BANKRUPTCY JUDGE.**

The Law Offices of Gabriel Del Virginia ("Del Virginia Firm"
or "Applicant"), counsel Natural Surroundings Inc. d/b/a
Surroundings Flowers and Surroundings Flowers and Events, the
above-captioned reorganized debtor ("Debtor"), as and for its
first and final application for allowance of compensation and
reimbursement of actual and necessary expenses (the "Application")
on behalf of the Debtor during the period from August 3, 2010
through August 1, 2012 (the "Compensation Period") respectfully
represents as follows:

2

## I. <u>PRELIMINARY STATEMENT</u>

1.  This Application is made pursuant to Sections 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted by the Executive Office of the United States Trustee issued on January 30, 1996 (the "UST Guidelines") and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Amended Guidelines" and, together with the UST Guidelines, the "Fee Guidelines"), for an allowance of actual compensation for professional services rendered by Applicant to the Debtor during the Compensation Period and for reimbursement of actual disbursements and expenses incurred by Applicant during the Compensation Period in connection with the rendering of such professional services.

2.  All professional legal services for which compensation is being sought have been performed for the benefit of the Debtor and its estate in connection with this Chapter 11 case.  Applicant is seeking reasonable compensation in the amount of $47,566.35 and reimbursement of expenses in the amount of $1,418.58.

3.  The Applicant has not received any payment for fees or expenses during this case.

4.  This is Applicant's first and only fee request for pre-confirmation services in this Chapter 11 case.  Applicant was

3

retained as counsel for the Debtor *nunc pro tunc* to August 3, 2010 by order dated September 23, 2010, a copy of which is annexed hereto as Exhibit "A".  Applicant received a retainer of $15,000.00 before the commencement of the case, and expended time in the amount of $4,365.83 during that period; thus leaving the balance amount of $10,634.17 to be applied.

## II. <u>INTRODUCTION</u>.

5.  The Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") on August 3, 2010(the "Petition Date"). No trustee or examiner was appointed in this case, and no official committee of unsecured creditors was appointed.

6.  The Debtor is a New York corporation and operates an upscale florist catering to the retail trade. The Debtor is located at 1351 Amsterdam Avenue in the borough of Manhattan, City of New York (the "Premises"). The Debtor has operated since 1976. Before the broad economic downturn, the Debtor expanded its retail operations, opening new branches and relocating its operation to larger quarters.

7.  The Debtor's need to seek relief in this Court was a result of manifold factors: the decline in its recent operations which have been severely affected by the economic downturn, protracted litigation commenced and continued by a disgruntled employee (the "Lawsuit") and a sizable obligation to the United States Department of Treasury , Internal Revenue Service (the "IRS").

4

8. Follow the filing and aided largely by Applicant's efforts during its representation, the Debtor was able to reorganize its business successfully, as the Court confirmed its plan of reorganization on June 18, 2012.

### III. <u>RELIEF REQUESTED.</u>

9. By this Application, Applicant seeks an allowance of compensation pursuant to §§ 330 and 331 of the Bankruptcy Code for professional services rendered by it as counsel to the Debtor for the Compensation Period. In addition, reimbursement is sought for reasonable and necessary expenses incurred by Applicant on behalf of the Debtor during the Compensation Period.

10. Applicant respectfully submits that the professional services rendered by it to the Debtor were necessary and of significant value to the Debtor and its estate as is more fully set forth below.

11. Applicant has maintained contemporaneous records of the time expended for the professional services performed in connection with the proceedings and of the expenses incurred in rendering its services on behalf of the Debtor. Such records are maintained in the ordinary course of the Applicant's business. Applicant's time provide a detailed description of the services rendered during the Compensation Period.

12. The legal services rendered by Applicant, which have been categorized according to topics, are merely highlighted herein to avoid burdening the Court with the day to day minutia concomitant

5

with the proceedings in these Chapter 11 cases.  For a more detailed description of the services performed, Applicant's contemporaneous daily time records are annexed hereto as Exhibit "C" and made a part hereof.

13.  This Application, together with all exhibits hereto, will be filed with the Court and served upon the Office of the U.S. Trustee and the Debtor.

### IV. APPLICANT'S LEGAL SERVICES AS ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION DURING THE COMPENSATION PERIOD.

The Applicant played a critical role in the successful emergence of the Reorganized Debtor from insolvency and related financial difficulties. The Debtor's employees, numerous vendors and customers are, thus, beneficiaries of the successful reorganization. The Applicant drafted, filed and sought approval for all of the various submissions necessary for the filling and confirmation of a chapter 11 case, including:  (i) preparing, drafting and filing the chapter 11 case and schedules (ii)retention application for the Debtor's professional, (iii) Motion to Establish Last Day to File Proofs of Claims (iv) Stipulation and Order settling the IRS Claim, (iv) the Ruiz Claim Objection (defined herein) and the (iv) Chapter 11 combined Disclosure Statement/Small Business Plan.

The Applicant represented, counseled and assisted the Debtor in certain areas which were particularly crucial to the Debtor's successful reorganization. Fist, before the commencement of the case, the Debtor was burdened and distracted considerably by the Lawsuit. On November 11, 2010, Cristy Ruiz filed claim # 20 (the "Ruiz Claim") in the amount of $3,250,000.00; predicated on the Lawsuit. Thereafter, the Debtor interposed an objection to the Ruiz Claim. Furthermore, the Plan assessed the Debtor's exposure – $50,000.00 was set aside as reserve for the Ruiz Claim – and voting by other creditors on the Plan proceeded. Second, the Debtor was burdened by a lease for a retail location which was not necessary for the Debtor's business. The Applicant prepared a cross-motion rejecting the lease and by order of this Court the lease was terminated. Finally, Applicant negotiated and resolved a very substantial obligation to the IRS—-after previous efforts by the Debtor before the commencement of the case were unavailing-- on terms that the Debtor could feasibly satisfy under its confirmed Plan, while continuing its business.

14. The following are the major areas in which Applicant rendered services on behalf of the Debtor in connection with its Chapter 11 case during the Compensation Period.  In addition to the major areas detailed below, Applicant has had substantive and regular contact with the Debtor during the Compensation Period in performing its duties as counsel to the Debtor:

7

a) Preparation and filing of the Chapter 11 case, including the Rule 1007 Affidavit, Schedules and Statement of Financial Affairs(ECF Dockets # 1-5);

b) Preparing and presenting the Debtor's retention applications for bankruptcy counsel(ECF Docket # 14);

c) Preparing Cross Motion to Reject Lease and Negotiating with Landlord regarding post Petition Rent and Rejection of Lease(ECF Dockets # 17 & 20);

d) Preparing Motion and Filing of Motion to Establish Last Day to File Proofs of Claim(ECF Docket # 21);

e) Negotiating settlement with the IRS and prepared and presented stipulation of settlement with the IRS (ECF Docket # 45);

f) Objected to the Ruiz Claim ECF Docket # 49);

g) Negotiating settlement with New York State Department of Taxation and Finance ("NYS") and presented stipulation of settlement with the NYS (ECF Docket # 57);

h) Drafting and preparing Chapter 11 Small Business Plan (ECF Docket # 65);

i) Conducted voting and certified ballots(ECF Docket # 76);

j) Comprehensive claims analyses and preparation of Objection to Proofs of Claim;

k) Drafting and preparing the Combined Chapter 11 Disclosure Statement and Small Business Plan (ECF Docket # 65); and

l) Miscellaneous services.

15. Applicant also reviewed and prepared for filing each of the Debtor's monthly operating reports.

8

V.        **LEGAL STANDARDS FOR THE ALLOWANCE OF COMPENSATION SOUGHT.**

16.  Applicant is cognizant of the fee setting process which begins with an examination of the extent of professional services rendered.  A measure of the quality of the services must be the initial determination of the value of such services.  By virtue of the fact that Applicant's practice involves a high concentration of insolvency matters, Applicant's fees in many instances are determined by bankruptcy courts and are frequently subject to the criteria for awarding compensation.

17.  The contemporaneous time records submitted herewith by Applicant are a direct indication of the time spent in the performance of the professional services during the Final Period.  Applicant has expended a total of xx.xx hours of professional time during the Compensation Period.  A copy of Applicant's time and expense records is annexed hereto as Exhibit "C".

18.  By establishing the fair and reasonable value of the services performed by professionals retained pursuant to §§ 327 and 1104 of the Bankruptcy Code, bankruptcy court fee awards, in effect, have been determined on a case-by-case basis, using an appropriate blended hourly rate for services performed by such professionals.  However, federal courts have provided some common criteria for guidance in the area of court awarded fees.

9

19.   The Circuit Court in the case of *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), first enumerated twelve factors to be considered by courts in order to determine a "reasonable" fee award.   These factors were subsequently incorporated in the case of In re First Colonial Corporation of America, 544 F.2d 1291 (5th Cir. 1977), which held that these twelve factors applied to fees awarded pursuant to the Bankruptcy Code.   These factors were:

     I.   The time and labor required and spent;

     II.   The novelty and difficulty of the questions;

     III. The skill requisite to perform the legal services properly;

     IV.   The preclusion of other employment by the attorney due to acceptance of the case;

     V.   The customary fees;

     VI.   Whether the fee is fixed or contingent;

     VII. Time limitations imposed by the client or other circumstances;

     VIII.   Experience, reputation and ability of the attorneys;

     IX. The nature and length of the professional relationship with the client; and

     X.   Awards in similar cases.

20.   Subsequently, the United States Supreme Court has made it clear that a court's determination of a reasonable fee award is to be based on the calculation of the lodestar amount which was first articulated by the Third Circuit in the case of

10

*Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973).  This lodestar amount is presumed to subsume many of the factors articulated by *Johnson*.  *Pennsylvania v. Delaware Valley Citizens Counsel for Clear Air*, 478 U.S. 546, 566-567, 106 S.Ct. 3088, 92 L.Ed 2d 439 (1986).

21.  The lodestar amount is determined by multiplying the number of hours reasonably expended in the case by a reasonable hourly rate.

*22.* Justice White writing for the majority in the *Delaware Valley Citizens* case found that although the lodestar amount may be adjusted upward and downward, there is a strong presumption that the lodestar figure represents a "reasonable" fee.  *Delaware Valley Citizens*, 478 U.S. 546 at 565, 566, 106 S. Ct. at 3088, 3098.

23.  Courts have generally arrived at the lodestar amount by conducting a three-step process to determine the reasonableness of requests for compensation.  First, the Court attempts to ascertain the nature and extent of the services rendered by an applicant.  A review of this Application and the detailed information annexed clearly reflect the number of hours worked and a description of the services provided during those hours.  Second, the Court attempts to assess the value and quality of the services rendered by the applicant.  A review of this Application and the schedules annexed reflect the hourly rate of each of the persons providing services and the determined mixed hourly rate therefore.

11

After a review of the first two steps, the Court would determine a reasonable amount of compensation.

24.    A court's determination of the lodestar amount must also be based on the contemporaneous time records maintained by the attorney which are synopsized in the fee application.  "An attorney . . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the Application with contemporaneous time records."  *In re Cena's Fine Furniture, Inc., 109 B.R. 575 (E.D.N.Y. 1990) citing, New York State Ass'n. for Retarded Children, Inc. v. Carey*, 711 F.2d 2236, 2248 (2nd Cir. 1983).  According to the Second Circuit in *Carey*, a fee application should specify, for each attorney, the date, the hours expended, and the nature of the work done.  However, "the law does not require a fee application the size of boring Victorian novel."  *In re Hotel Associates, Inc.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981).

25.    The time records constitute only a bland review of the services and time expended without description of the pressures and constraints under which Applicant actually has rendered those services.    Problems arising in this case were attended to by Applicant at all levels, promptly, expertly, effectively and often to the exclusion of other matters in Applicant's firm.

26.    It is respectfully submitted that because Applicant has strong expertise in the area of insolvency law and has much experience representing debtors in Title 11 cases that it has been

12

able to perform services and accomplish results in less time than less experienced counsel might consume.

27.   Section 330(a) of the Bankruptcy Code provides that a bankruptcy court may award to a professional person employed under section 327:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
> (A)   reasonable compensation for actual, necessary services rendered by . . . attorney and by any paraprofessional person employed by any such person;
> (B)   reimbursement for actual, necessary expenses.
> …
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the value, the extent, and the value of such services, taking into account all relevant factors, including
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title:
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issues, or task addressed; and
>
> (E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

28.   The concept of an economic spirit in bankruptcy cases, derived from case law under the former Bankruptcy Act, has

13

been vitiated under the Bankruptcy Code.  The importance and need

for the Bankruptcy Court to attract able and experienced counsel to

participate in bankruptcy cases, and to represent and properly

discharge their obligations as fiduciaries, is emphasized in all

applicable reported decisions under the Bankruptcy Code.  *See*,

*Matter of Caribou Partnership, III*, 152 B.R. 733 (Bankr. N.D. Ind.

1993).  The requirement under the Bankruptcy Code is that the

Applicant must meet the requirement of reasonableness, as stated by

Congress:

> Bankruptcy legal services are entitled to
> commence the same competency of counsel as other
> cases.  In that light, the policy of this section
> is to compensate attorneys and other professionals
> serving in a case under Title 11 at the same rate
> as the attorney or other professional comparable
> services other than that in a case under Title
> 11...notions of economy of the estate in fixing
> fees are outdated and have no place in a Bankruptcy
> Code.

Statement of Legislative Leaders (House) *reprinted in* 124 Cong. H.

11089, H 11092 (Daily Ed. Sept. 28, 1978.

29.    The rates being charged by Applicant are

commensurate with those typically charged by Applicant and, in many

instances, less than those typically charged by other larger firms

in the Southern District of New York as well as those of other

nationally - recognized firms.  Accordingly, the lodestar amount of

fees sought by Applicant (its customary hourly billing rates

multiplied by the reasonable and necessary amount of time spent) is

both reasonable and appropriate.

14

30.   Applicant respectfully submits that based upon the above factors the fees requested are reasonable and should be awarded in full.

31.   Applicant submits that the division of time herein among the partner and his associate has been consistent with Applicant's overall goal of providing first-quality legal representation at a reasonable cost.   During the Compensation Period, Applicant's member, associate and paraprofessional have devoted an aggregate of 112.60 hours to these cases.   The blended hourly rate for the services rendered herein is $248.00 per hour. Applicant's attorneys practice regularly before bankruptcy courts for the Southern and Eastern Districts of New York.   In the past, these courts have awarded compensation to Applicant based upon its normal hourly billing rates.   Further, Applicant has been awarded compensation by judges of the Southern and Eastern District of New York which awards have been predicated upon the same criteria as have been articulated herein.

32.   In addition, during the Fee Period, Applicant incurred normal and reasonable expenses in the amount of $1,418.58—all of which are included with the time details.

33.   A certification as required by the Fee Guidelines is attached hereto as Exhibit "D".

**[CONTINUED ON FOLLOW PAGE]**

15

34.   WHEREFORE, Applicant respectfully requests that it be awarded: (a) its Final Fee in the amount of $47,566.35 and reimbursement for expenses incurred in the amount of $1,418.58 (b) such other and further relief as this court may deem just and proper.

Dated:      New York, New York
            August 2, 2012

                        **LAW OFFICES OF GABRIEL DEL VIRGINIA**
                        *Attorneys for the Reorganized
                        Debtor*


                        */s/ Gabriel Del Virginia*

                        Gabriel Del Virginia (GDV-4951)
                        880 Third Avenue, 13th Floor
                        New York, New York 10022
                        Telephone: 212-371-5478
                        Facsimile: 212-371-0460
                        gabriel.delvirginia@verizon.net

16

**EXHIBIT "A"**
**[RETENTION ORDER]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

In re

                                        Chapter 11

NATURAL SURROUNDINGS INC.
  D/B/A/
SURROUNDINGS FLOWERS
SURROUNDINGS FLOWERS AND EVENTS,

                Debtor.          Case No. 10-14204 (ALG)

------------------------------------X

**ORDER AUTHORIZING THE RETENTION**
**OF THE LAW OFFICES OF GABRIEL DEL VIRGINIA, AS**
**ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION.**

Upon the application (the "Application") of Natural
Surroundings Inc. D/B/A Surroundings Flowers and Surroundings Flowers
and Events, the above-captioned debtor and debtor-in-possession, the
above-captioned debtor and debtor-in-possession (the "Debtor" or
"Applicant"), seeking the entry of an order pursuant to 11 U.S.C. §
327, authorizing the retention of the Law Offices of Gabriel Del
Virginia (the "Del Virginia Office"), as attorneys to the Debtor, and
upon the submissions annexed thereto in support thereof, including the
declaration of Gabriel Del Virginia, wherein it appears that the Del
Virginia Office does not hold or represent any interest materially
adverse to the Debtor or the estate and said attorney is a
"disinterested person" within the meanings of 11 U.S.C. §§ 101(14) and
327; and it appearing that such retention is in the best interests of

1

the Debtor's estate; and it appearing that notice of the Application was provided to the United States Trustee; and no objections having been interposed and such notice to the United States Trustee being sufficient under the circumstances; and sufficient cause appearing therefor; it is

ORDERED, that pursuant to 11 U.S.C. § 327, the Debtor be, and hereby is, authorized, to retain The Law Offices of Gabriel Del Virginia, as of August 3, 2010 upon the terms and for the purposes set forth in the Application; and it is further

ORDERED, that no compensation or reimbursement of expenses shall be paid by the Debtor for services rendered by The Law Offices of Gabriel Del Virginia, except upon a proper application and by further order of this Court pursuant to 11 U.S.C. §§330 and 331, and the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, the United States Trustee Guidelines and any Standing Order of the Court.

Dated:    New York, New York
          September 23, 2010


          _/s/ Allan L. Gropper_
          **UNITED STATES BANKRUPTCY JUDGE**

2

NO OBJECTION:

OFFICE OF THE UNITED STATES TRUSTEE
FOR THE SOUTHERN DISTRICT OF NEW YORK


BY:    /s/ Brian S. Masumoto

Dated:    September 22, 2010

EXHIBIT "B"

**Biographies:**

Gabriel Del Virginia, is partner and founder at the Del Virginia Office, and has more than 25 years of experience in bankruptcy matters and has represented debtors, creditors and other parties in a broad range of bankruptcy cases.

He is a graduate of Rutgers University College and Law School.

He served as judicial law clerk to Hon. Vincent J. Commisa, Chief Judge of the United States Bankruptcy Court, District of New Jersey.

Mr. Del Virginia was associated with major law firms in New York and New Jersey, before starting the Del Virginia Office in 1996.

He has served as lecturer and panelists for the New York County Lawyers' Association; Practicing Law Institute, and has appeared on CourtTV and Bloomberg Radio.

Yitzhak Greenberg is a bankruptcy attorney in New York City. He has clerked for the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge. He authored File for Chapter 11, Get the First Month's Rent Free?, *The Bankruptcy Strategist* Volume 26, Number 11, September 2009; BAPCPA: Another Nail in the Coffin of Retail Reorganizations, *The Bankruptcy Strategist*, Vol. XXVII,

1

No. 9, July 2010; "Of Hogs, Electricity And Gas: Supply Contracts Under The Safe Harbor of Section 546," Bankruptcy Strategist, Vol. XXVIII, No. 7, May 2011; <u>Credit Bidding After Philadelphia Newspapers: The Fat Lady Has Not Sung,</u> Norton Bankruptcy Advisor (July 2011); & <u>Tax Issues</u> , PLI Course Handbook  for Consumer, Individual and Small Business Bankruptcy Cases 2011(co-author). Additionally, he was a panelist on "Commercial Leasing in a Down Economy," a webinar sponsored by Law Journal Newsletters.

 He has represented individual and corporate debtors in complex cases filed under chapters 7 and 11.

2

**EXHIBIT "C"**

**HOURS BILLED FROM AUGUST 3, 2010 THROUGH AUGUST 1, 2012**

| ATTORNEY | DATE ADMITTED | AMOUNT | HOURS | AMOUNT |
|---|---|---|---|---|
| Gabriel Del Virginia Partner | 1990 | $500.00 | 90.25 | $45,125.00 |
| Yitzhak Greenberg Associate | 2006 | $150.00 | 6.00 | 900.00 |
| Ian Wilkinson, ParaLegal | | $95.00. | 16.33 | 1,551.35 |
| Blended Hourly Rate: $248.33. | | | | **$47,566.35** |

2                                   Law Offices of Gabriel Del Virginia

Page      1

---

## Selection Criteria

| | |
|---|---|
| Clie.Selection | Include: NATURAL SURROUN |
| Slip.Transaction Dat | 8/3/2010 - 7/31/2012 |
| Time.Selection | Include: Gabe; Ian Wilkinson; Yitzhak Greenb |

---

| | |
|---|---|
| Nickname | NATURAL SURROUN | 96 |
| Full Name | NATURAL SURROUNDINGS, INC. |
| Address | Attn. Mr. Steven Buckwald |
| | 1351 Amsterdam Avenue, |
| | New York, NY 10027 |

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 8/18/2010 2408 | Gabe Meeting Meeting with Steve, Natalie in office; reviewing file; revising, Preparation and assembly of schedule Project:        Ch. 11 | 500.00 | 3.67 | 1,835.00 | Billable |
| 8/18/2010 2779 | Ian Wilkinson Draft Drafting/input re schedules and statements Project:        Ch. 11 | 95.00 | 3.50 | 332.50 | Billable |
| 8/20/2010 2794 | Ian Wilkinson Preparation Preparation and trustee document assembly Project:        Ch. 11 | 95.00 | 2.00 | 190.00 | Billable |
| 8/26/2010 2402 | Gabe Court Court Appearance/IDI with Natalie and Steven Project:        Ch. 11 | 500.00 | 2.00 | 1,000.00 | Billable |
| 8/26/2010 2403 | Yitzhak Greenb Prep Pleadings Preparation of pleadings-retention, review of various law suits and creditor matters Project:        Ch. 11 | 150.00 | 1.50 | 225.00 | Billable |
| 9/8/2010 2400 | Gabe Phone client Phone call from client/Steve re status and various; retention application | 500.00 | 1.50 | 750.00 | Billable |
| 9/9/2010 2405 | Yitzhak Greenb Prep Pleadings Preparation of pleadings R. 1007 Affidavit and related filing docs Project:        Ch. 11 | 150.00 | 2.00 | 300.00 | Billable |

Law Offices of Gabriel Del Virginia

Pre-bill Worksheet

NATURAL SURROUN:NATURAL SURROUNDINGS, INC. (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 9/14/2010 2411 | Gabe Phone client Phone call from client Steven re status. Project:        Ch. 11 | 500.00 | 0.83 | 415.00 | Billable |
| 9/30/2010 2415 | Gabe Court Court Appearance on case conf; meet with Steven for prep Project:        Ch. 11 | 500.00 | 1.42 | 710.00 | Billable |
| 9/30/2010 2416 | Gabe Draft Draft and file 365 rejection cross-motion Project:        Ch. 11 | 500.00 | 2.33 | 1,165.00 | Billable |
| 10/3/2010 2418 | Gabe Prep Pleadings Preparation of pleadings-review, revise schedules for filing Project:        Ch. 11 | 500.00 | 2.00 | 1,000.00 | Billable |
| 10/4/2010 2420 | Gabe Court Court Appearance-341 Project:        Ch. 11 | 500.00 | 2.00 | 1,000.00 | Billable |
| 11/9/2010 2777 | Gabe Draft Drafting, revising bar date motion and order Project:        Ch. 11 | 500.00 | 2.50 | 1,250.00 | Billable |
| 11/12/2010 2796 | Gabe Prep Pleadings Preparation of pleadings--reviewing email from Steven B re amendments to schedules; amending same Project:        Ch. 11 | 500.00 | 2.00 | 1,000.00 | Billable |
| 12/3/2010 2804 | Ian Wilkinson Prep Pleadings Preparation of pleadings--assemble, duplicate and copy Notice of Bar date Project:        Ch. 11 | 95.00 | 1.83 | 173.85 | Billable |
| 1/26/2011 2797 | Gabe Phone Opp Atty Telephone call with opposing Attorney; reviewing pleadings re Apthorp motion and phone counsel re same Project:        Ch. 11 | 500.00 | 1.00 | 500.00 | Billable |
| 3/8/2011 2798 | Gabe Review Review New York State Tax notices and tel conf M. Sorkin, CPA re same Project:        Ch. 11 | 500.00 | 0.83 | 415.00 | Billable |
| 3/15/2011 2799 | Gabe Correspondence Reviewing Steven emails (.50); formulation and transmission of email as requested by client for action plan (1.0); legal research re possible nondischargable Ruiz claim Project:        Ch. 11 | 500.00 | 3.83 | 1,915.00 | Billable |

Law Offices of Gabriel Del Virginia

NATURAL SURROUN:NATURAL SURROUNDINGS, INC. (continued)

| Date<br>ID | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 3/30/2011<br>2785 | Gabe<br>Prep Pleadings<br>Preparation of pleadings (plan/disclosure) (1.5) responding Steven emails (.50)<br>Project:          Ch. 11 | 500.00 | 2.00 | 1,000.00 | Billable |
| 4/6/2011<br>2786 | Gabe<br>Review<br>Review pleadings of Ruiz sent by Jill | 500.00 | 0.83 | 415.00 | Billable |
| 4/20/2011<br>2784 | Gabe<br>File Review<br>File Review/reviewing monthly reports and file same<br>Project:          Ch. 11 | 500.00 | 0.50 | 250.00 | Billable |
| 5/15/2011<br>2513 | Gabe<br>Draft<br>Drafting claims objections and note for loan by Mr. Z or any other party<br>Project:          Ch. 11 | 500.00 | 3.00 | 1,500.00 | Billable |
| 5/15/2011<br>2514 | Gabe<br>Draft<br>Drafting claim objection and note | 500.00 | 3.00 | 1,500.00 | Billable |
| 9/14/2011<br>2781 | Gabe<br>Phone Opp Atty<br>Telephone calls with Sandy at IRS re status and possible resolution of all tax issues<br>Project:          Ch. 11 | 500.00 | 0.83 | 415.00 | Billable |
| 9/15/2011<br>2782 | Gabe<br>Phone Opp Atty<br>Telephone call with Sandy re IRS update and status of stip<br>Project:          Ch. 11 | 500.00 | 0.50 | 250.00 | Billable |
| 9/19/2011<br>2776 | Gabe<br>File Review<br>File Review; review monthly report and file same<br>Project:          Ch. 11 | 500.00 | 0.50 | 250.00 | Billable |
| 9/22/2011<br>2783 | Gabe<br>Phone Opp Atty<br>Telephone call with Sandy of IRS and and review of IRS's stated issues for<br>resolution of claim<br>Project:          Ch. 11 | 500.00 | 0.75 | 375.00 | Billable |
| 9/23/2011<br>2775 | Gabe<br>Phone Opp Atty<br>Telephone calls with opposing Attorney--Tel conf Sandra Feliu of IRS re stip and<br>details of settlement<br>Project:          Ch. 11 | 500.00 | 0.83 | 415.00 | Billable |
| 10/5/2011<br>2618 | Gabe<br>Draft<br>Drafting, edits and filing IRS 9019<br>Project:          Ch. 11 | 500.00 | 2.83 | 1,415.00 | Billable |

Law Offices of Gabriel Del Virginia

NATURAL SURROUN:NATURAL SURROUNDINGS, INC. (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 10/6/2011 2623 | Gabe Phone client Phone call from client, Jill re plan Project:        Ch. 11 | 500.00 | 0.50 | 250.00 | Billable |
| 10/7/2011 2800 | Ian Wilkinson Prep Pleadings Preparation of pleadings-assemble, copy and serve IRS 9019 motion Project:        Ch. 11 | 95.00 | 2.00 | 190.00 | Billable |
| 10/20/2011 2629 | Gabe Prep Pleadings Preparation of pleadings--Claim objection/Ruiz claim Project:        Ch. 11 | 500.00 | 1.92 | 960.00 | Billable |
| 10/26/2011 2632 | Gabe Phone client Phone call from client Steven re Ruiz, lease, dismissal Project:        Ch. 11 | 500.00 | 0.67 | 335.00 | Billable |
| 10/27/2011 2802 | Ian Wilkinson Prep Pleadings Preparation of pleadings--assemble, duplicate and serve Ruiz claim objeciton Project:        Ch. 11 | 95.00 | 1.50 | 142.50 | Billable |
| 11/30/2011 2637 | Gabe Court Court Appearance--Ruiz claim; pre-hearing conf Saul and Steven Project:        Ch. 11 | 500.00 | 1.50 | 750.00 | Billable |
| 12/21/2011 2704 | Gabe Prep Pleadings Preparation of pleadings--revising NYS stipulation (1.0) and discussions with Jackie of NY State re terms of same (.50) Project:        Ch. 11 | 500.00 | 1.83 | 915.00 | Billable |
| 12/29/2011 2639 | Gabe Prep Pleadings Preparation of pleadings; finalize; edit and  file Ny State motion Project:        Ch. 11 | 500.00 | 2.33 | 1,165.00 | Billable |
| 1/10/2012 2680 | Gabe Draft Drafting and revising plan Project:        Ch. 11 | 500.00 | 3.00 | 1,500.00 | Billable |
| 1/12/2012 2681 | Gabe Court Court Appearance Project:        Ch. 11 | 500.00 | 1.67 | 835.00 | Billable |
| 1/30/2012 2683 | Gabe Draft Drafting order for plan approval (.50); reviewing, revising plan (1.50) Project:        Ch. 11 | 500.00 | 2.00 | 1,000.00 | Billable |

Law Offices of Gabriel Del Virginia

NATURAL SURROUN:NATURAL SURROUNDINGS, INC. (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 2/6/2012 2684 | Gabe Draft | 500.00 | 2.00 | 1,000.00 | Billable |
| | Drafting plan revisions (1.5); Call with court (.5) | | | | |
| | Project:        Ch. 11 | | | | |
| 3/12/2012 2687 | Gabe Court | 500.00 | 2.00 | 1,000.00 | Billable |
| | Court Appearance | | | | |
| | Project:        Ch. 11 | | | | |
| 3/14/2012 2688 | Gabe Draft | 500.00 | 0.50 | 250.00 | Billable |
| | Drafting revising notice for confirmation and sending to N. Kaluk, Esq | | | | |
| | Project:        Ch. 11 | | | | |
| 3/18/2012 2689 | Gabe Draft | 500.00 | 3.00 | 1,500.00 | Billable |
| | Drafting, revising plan and exhibits, and ballots | | | | |
| | Project:        Ch. 11 | | | | |
| 3/20/2012 2699 | Ian Wilkinson Prep Pleadings | 95.00 | 2.00 | 190.00 | Billable |
| | Preparation of pleadings--prepare plan, ds, ballots for distributions | | | | |
| | Project:        Ch. 11 | | | | |
| 3/23/2012 2696 | Gabe Correspondence | 500.00 | 0.83 | 415.00 | Billable |
| | Emails with creditor; tel confs with Mitch CPA | | | | |
| | Project:        Ch. 11 | | | | |
| 3/23/2012 2700 | Ian Wilkinson Preparation | 95.00 | 3.50 | 332.50 | Billable |
| | Preparation, and finalize, copying and distribute plans, DS, Order and ballots | | | | |
| | Project:        Ch. 11 | | | | |
| 4/18/2012 2780 | Gabe Correspondence | 500.00 | 0.83 | 415.00 | Billable |
| | Emails Steven and Jill re George Petre issues, re plan, right to vote, how to settle | | | | |
| | Project:        Ch. 11 | | | | |
| 4/27/2012 2742 | Gabe Phone Opp Atty | 500.00 | 0.67 | 335.00 | Billable |
| | Telephone calls with opposing Attorney-Tom Chase regarding Apthorp settlement | | | | |
| | Project:        Ch. 11 | | | | |
| 4/27/2012 2743 | Gabe Phone client | 500.00 | 0.50 | 250.00 | Billable |
| | Emails Steven andJill re unresolved Apthorp; Petre issues. | | | | |
| | Project:        Ch. 11 | | | | |
| 5/14/2012 2746 | Gabe Phone Opp Atty | 500.00 | 0.67 | 335.00 | Billable |
| | Telephone call with opposing Attorney-Mark Reisman and Saul re Ruiz claims | | | | |
| | Project:        Ch. 11 | | | | |

Law Offices of Gabriel Del Virginia

NATURAL SURROUN:NATURAL SURROUNDINGS, INC. (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/14/2012 2747 | Gabe Review Review of Petre matter documents and plan treatment re secured claims Project:          Ch. 11 | 500.00 | 1.50 | 750.00 | Billable |
| 5/20/2012 2750 | Gabe Draft Drafting, revising letter; reviewing claims Project:          Ch. 11 | 500.00 | 1.00 | 500.00 | Billable |
| 5/22/2012 2751 | Gabe Phone Opp Atty Telephone call with opposing Attorney--Jeff R, regarding Petre Project:          Ch. 11 | 500.00 | 0.50 | 250.00 | Billable |
| 5/23/2012 2752 | Gabe Prep Pleadings Preparation of pleadings--reviewing, filing MOP Project:          Ch. 11 | 500.00 | 0.50 | 250.00 | Billable |
| 5/23/2012 2753 | Gabe Phone Opp Atty Telephone call with opposing Attorney; Jeff Reich and Jill re Petre (.30); tel conf Tom Chase re settlement of Apthorp claim and stipulation. (.50) Project:          Ch. 11 | 500.00 | 1.33 | 665.00 | Billable |
| 5/29/2012 2759 | Gabe Prep Pleadings Preparation of pleadings--proffer, confirmation order, amend plan Project:          Ch. 11 | 500.00 | 1.50 | 750.00 | Billable |
| 5/30/2012 2760 | Gabe Phone Opp Atty Telephone call with opposing Attorney--Tom Chase re Apthorp claim and stipulation Project:          Ch. 11 | 500.00 | 0.50 | 250.00 | Billable |
| 5/30/2012 2761 | Gabe Draft Drafting, revising confirmation order, proffer and certification Project:          Ch. 11 | 500.00 | 2.00 | 1,000.00 | Billable |
| 5/31/2012 2762 | Gabe Draft Drafting, revising conf order; ballot and proffer Project:          Ch. 11 | 500.00 | 1.00 | 500.00 | Billable |
| 6/1/2012 2763 | Gabe Review Reviewing Apthorp stip; emails Steven, Tom Chase, Esq. Project:          Ch. 11 | 500.00 | 1.00 | 500.00 | Billable |
| 6/3/2012 2764 | Gabe Draft Drafting, revising confirmation order, proffer, ballot cert Project:          Ch. 11 | 500.00 | 4.00 | 2,000.00 | Billable |

Law Offices of Gabriel Del Virginia

NATURAL SURROUN:NATURAL SURROUNDINGS, INC. (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/6/2012 2765 | Gabe Court Court Appearance--confirmation; claim obj Project:        Ch. 11 | 500.00 | 1.33 | 665.00 | Billable |
| 6/11/2012 2766 | Gabe Prep Pleadings Preparation of pleadings--revising conf order; drafting, filing service Notice of Settlement Project:        Ch. 11 | 500.00 | 1.67 | 835.00 | Billable |
| 6/29/2012 2778 | Gabe Draft Drafting claims and debt service analysis; emails Project:        Ch. 11 | 500.00 | 0.67 | 335.00 | Billable |
| 7/10/2012 2789 | Gabe Meeting Meeting/office conference with Yitzi Greenberg, Esq. re claims and objections Project:        Ch. 11 | 500.00 | 0.83 | 415.00 | Billable |
| 7/11/2012 2790 | Yitzhak Greenb Draft Drafting, revising claims objections, send to Natalie | 150.00 | 2.50 | 375.00 | Billable |
| 7/11/2012 2791 | Gabe Review Reviewing, revising claims obj motion Project:        Ch. 11 | 500.00 | 1.50 | 750.00 | Billable |
| 7/17/2012 2793 | Gabe Conference Conference with Yitzi re claims objection (.50); review and respond to emails re same to Jill (.20) Tel confs VNB, IRS (.20) Project:        Ch. 11 | 500.00 | 1.50 | 750.00 | Billable |
| TOTAL | Billable Fees | | 112.58 | | $47,566.35 |

| Date ID | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 8/3/2010 2401 | Gabe Filing Fees | 1039.00 | 1.000 | 1,039.00 | Billable |
| 12/3/2010 2806 | Ian Wilkinson $Postage Postage Project:        Ch. 11 | 65.00 | 1.000 | 65.00 | Billable |
| 12/23/2010 2805 | Ian Wilkinson $Photocopies Copying cost Project:        Ch. 11 | 55.00 | 1.000 | 55.00 | Billable |

Law Offices of Gabriel Del Virginia

NATURAL SURROUN:NATURAL SURROUNDINGS, INC. (continued)

| Date ID | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 10/27/2011 2803 | Ian Wilkinson $Postage Postage Project:        Ch. 11 | 35.00 | 1.000 | 35.00 | Billable |
| 1/20/2012 2682 | Gabe $Photocopies Copying cost/PACER fees Project:        Ch. 11 | 85.00 | 1.000 | 85.00 | Billable |
| 3/19/2012 2690 | Gabe $Photocopies Copying cost Project:        Ch. 11 | 64.58 | 1.000 | 64.58 | Billable |
| 3/22/2012 2695 | Gabe $Postage Postage (plan d.s.) Project:        Ch. 11 | 75.00 | 1.000 | 75.00 | Billable |

| TOTAL | Billable Costs | | | | $1,418.58 |

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| **Fees Bill Arrangement: Slips** By billing value on each slip. | | |
| Total of billable time slips | $47,566.35 | |
| Total of Fees (Time Charges) | | $47,566.35 |
| **Costs Bill Arrangement: Slips** By billing value on each slip. | | |
| Total of billable expense slips | $1,418.58 | |
| Total of Costs (Expense Charges) | | $1,418.58 |
| Total new charges | | $48,984.93 |
| New Balance Current | $48,984.93 | |
| Total New Balance | | $48,984.93 |

EXHIBIT "D"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

In re

                                      Chapter 11

NATURAL SURROUNDINGS INC.
  D/B/A/,
SURROUNDINGS FLOWERS,
SURROUNDINGS FLOWERS AND EVENTS,

                  Debtor.          Case No. 10-14204-ALG

------------------------------------X


**CERTIFICATION PURSUANT TO GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES
IN SUPPORT OF FINAL FEE APPLICATION OF
THE LAW OFFICES OF GABRIEL DEL VIRGINIA, AS  ATTORNEYS**


Gabriel Del Virginia certifies as follows:

    1. I am the sole member of The Law Offices of Gabriel Del
Virginia ("Applicant," or "Del Virginia Firm") and I am admitted to
practice before, among others, the Courts of the State of New York
and the United States District Courts for the Southern and Eastern
Districts of New York.

    2. I make this certification in support of the application
the Del Virginia Firm for its first application for award of
compensation for services rendered and reimbursement of expenses in
connection with representing counsel Natural Surroundings Inc.
d/b/a Surroundings Flowers and Surroundings Flowers and Events, the

4

above-captioned reorganized debtor (the "Debtor"), pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Amended Guidelines") and the Guidelines For Reviewing Applications For Compensation and Reimbursements of Expenses Filed Under 11 U.S.C. § 330 promulgated by the Executive Office of the United States Trustee (the "UST Guidelines").   I am the sole partner at the Del Virginia Firm and the professional designated by Del Virginia Firm with the responsibility for compliance with the Amended Guidelines and the UST Guidelines.

3.   I have read the Application and to the best of my knowledge, information and belief, formed after reasonable inquiry, the Application complies with the requirements set forth in the Amended Guidelines and the UST Guidelines.   To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Amended Guidelines and the UST Guidelines, as set forth in the Application and in the exhibits annexed thereto.   The fees and disbursements sought by Applicant are billed at rates and in accordance with the practices customarily employed by Applicant and generally accepted by Applicant's clients.

4.   Applicant will serve a copy of its Application upon the Debtor, and the Office of the United States Trustee in accordance with the UST Guidelines.

5

5. It is anticipated that I will represent Applicant at the hearing on the Application.

6. In making disbursements and incurring expenses on behalf of the Debtor, Applicant has sought only to obtain reimbursement and not to make a profit on such disbursements. To the best of my knowledge, in charging for a particular service, the Del Virginia Firm does not include in the amount of reimbursement amortization of the cost of any investment, equipment or capital outlay. With respect to reimbursement for services which may have been purchased or contracted from a third party, the Del Virginia Firm requests only the amount billed to it by the third party vendor and paid by or incurred by Applicant to such vendor. The Debtor and the U.S. Trustee will be provided with statements of fees and disbursements accrued during the Compensation Period.

Dated:    New York, New York
          August 2, 2012


          _s/ Gabriel Del Virginia_
          Gabriel Del Virginia

6